IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PASCUAL LUNA, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00415 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Pascual Luna, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Luna asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition and motion to dismiss the petition, arguing that the court lacks jurisdiction over it, that Luna cannot overcome his procedural default, and that his claim fails on its merits.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Luna's § 2241 petition. Thus, the court will grant respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

I. BACKGROUND

In June 2007, Luna was charged in a two-count indictment in the District of Massachusetts, in Case No. 1:07-cr-10195.[1] The indictment charged him with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and assault and battery on a police

---

[1] The court will cite to docket entries in the underlying criminal case as "*Luna*, ECF No. __." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. __."

officer, in violation of 18 U.S.C. § 111. *Luna*, ECF No. 1. In October 2008, a superseding indictment was returned, which added a charge of discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *Luna*, ECF No. 102. Luna proceeded to trial, and a jury found him guilty of all three counts. *Id.*, ECF No. 134.

The sentencing court determined that Luna should be sentenced as an armed career criminal, noting that he had four predicate felonies. *See* 18 U.S.C. § 924(e) (setting forth enhanced sentences for persons with three prior serious drug offenses or violent felonies). The predicates relied upon by the district court, as referenced in the Presentence Investigation Report ("PSR"), were as follows:

1. A 2000 conviction for armed robbery, for which Luna was found guilty as a "youthful offender."[2] He was committed to the custody of Department of Youth Services (DYS) for more than six years, with occasional periods in which he was permitted to live at his parents' home. There were also periods when he was "Absent without Permission (Parole Violation)." From June 13, 2005 to April 19, 2006, he was in adult detention. (PSR ¶ 63.)

2. Convictions for resisting arrest and three counts of assault and battery on a police officer in Somerville, MA, to which he plead guilty in November 2005. Luna was sentenced to two years of custody, "six months Direct," with the "balance suspended with probation." He violated his probation in January 2007, and served an additional four months' custody. (PSR, ¶ 65.)

3. A conviction for assault by dangerous weapon – firearm, committed in June 2005. He was sentenced to 2.5 years in custody, one year direct and consecutive to his offense in Dkt. 04-0064 (which is referenced in PSR ¶ 65), with the balance suspended and served on probation. He later violated his probation and was sentenced to 18 months' imprisonment in 2007. (PSR ¶ 67)

---

[2] Despite Luna's being sentenced as a youthful offender, this conviction could still qualify as a proper predicate conviction under the ACCA. 18 U.S.C. § 924e(2)(C) ("As used in this subsection[,] the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.").

>    4. A conviction for possession with intent to distribute a Class B substance, for which he was arraigned on November 14, 2006. He was sentenced to 18 months in custody, "6 months Direct, Balance Suspended with Probation to" January 26, 2009. (PSR ¶ 68.)

(PSR ¶ 74, Dkt. No. 6-2.)

For his federal offenses, the court determined his guideline range to be 330 to 382 months. PSR ¶ 114; *Luna*, ECF No. 140 at 2. The court sentenced him to a total of 300 months, consisting of 180 months on Count One (the § 922(g) offense), 36 months on Count Two (the assault and battery offense), to be served concurrently to Count One, and 120 months on Count Three (the § 924(c) offense), to run consecutive to the other two sentences. *Luna*, ECF Nos. 150, 164. Luna appealed, and his conviction and sentence were affirmed on appeal. *United States v. Luna*, 649 F.3d 91 (1st Cir. 2011); *Luna*, ECF Nos. 173, 174. As part of his appeal, Luna argued that certain of his prior felony convictions did not meet the definition of a "violent felony" under the ACCA. The appellate decision included a determination that his prior juvenile conviction for armed robbery was categorically a violent felony under the ACCA. *Luna*, 649 F.3d at 109. Luna filed a petition for writ of certiorari, which was denied on December 14, 2011. *Luna*, ECF Nos. 176, 177.

About a month later, the clerk of the District of Massachusetts received from Luna a § 2255 motion. He was permitted to supplement that motion in January 2014, to directly attack his sentence on the ground that two of his prior ACCA predicate convictions had been vacated by a state court. *Luna*, ECF Nos. 178, 201. The court denied his ineffective assistance claims. *United States v. Luna*, No. 07-10195-RWZ, 2014 WL 1603732 (D. Mass. Apr. 18, 2014). The United States did not oppose Luna's motion for re-sentencing based on the vacatur of his two convictions, *Luna*, ECF No. 209, and he was resentenced on December 18, 2014, to a total term of incarceration of 240 months. That sentence consisted of 120 months on Counts One and Two,

to run concurrently, and 120 months on Count Three. *Luna*, ECF Nos. 211, 227, 228. He appealed, and the First Circuit affirmed the amended judgment on September 6, 2017. *Id.*, ECF No. 236. He again petitioned for a writ of certiorari, which was denied on January 8, 2018. *Id.*, ECF No. 239.

On December 31, 2018, Luna filed a second § 2255 petition, raising among other things the same *Rehaif* claim he raises in his § 2241 petition before this court. *Id.*, ECF No. 240. The district court denied his § 2255 petition on the ground that *Rehaif* announced a new rule of statutory interpretation and not a new rule of constitutional law, making it unlikely that the First Circuit would certify or allow this claim to be brought in a successive § 2255 petition. *Id.*, ECF No. 290; *see also United States v. Luna*, 2021 WL 2338998, at *4 (D. Mass. June 8, 2021). The district court granted a certificate of appealability with respect to several issues, including the issue of whether § 2255(h) would authorize a second § 2255 motion. Luna appealed, and his appeal remains pending. *United States v. Luna*, No. 21-1486 (1st Cir.). Briefing has currently been stayed pending a decision by the appellate court on the United States' motion for summary disposition.

Luna's habeas petition, pursuant to 28 U.S.C. § 2241, was received by the clerk of this court on July 19, 2021. Respondent has filed an opposition and a motion to dismiss (Dkt. No. 6), and Luna has filed a reply (Dkt. No. 10), making the matter ripe for disposition.

## B. Luna's *Rehaif* Claim

In his petition, Luna challenges his felon-in-possession conviction, pursuant to 18 U.S.C. § 922(g). Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision

4

shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Luna asserts that, pursuant to *Rehaif*, his conviction must be vacated. He argues first that there was insufficient evidence to convict him because the government did not present sufficient evidence to show that he knew he was a felon. (Pet. 6-7, Dkt. No. 1.) He claims that the indictment was defective and affected his substantial rights because it did not require that he had knowledge of his status as a felon. (*Id.*; Mem. Supp. Pet. 3–4, Dkt. No. 1-1.) Relatedly, he argues that his conviction is invalid because the jury was not instructed that they had to find he knew he was a prohibited person. (Mem. Supp. Pet. 2–3.) He requests that "he be released from his unlawful detention. (Pet. at 8.) In addition to his substantive arguments, Luna explains why he believes he satisfies the *Jones* test and is entitled to seek relief under § 2241. (Mem. Supp. Pet. 4–9.)

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable

---

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Luna was convicted in the District of Massachusetts, which is within the First Circuit. Thus, First Circuit substantive law governs Luna's petition, but the court looks to Fourth Circuit law concerning the availability of § 2241. *See id.*

Respondent's motion to dismiss notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Mot. Dismiss 8, Dkt. No. 6.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, although respondent acknowledges that Luna's claim satisfies the first

and third *Jones* requirements, (*id.* at 10 n.6), he argues that Luna's § 2241 petition fails to meet the second. (*Id.* at 10–12.) Respondent also contends that, even if the court had jurisdiction, Luna has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 12–18.) Lastly, respondent maintains that Luna's *Rehaif* claim fails on its merits. (*Id.* at 18–20.)

      The court agrees with respondent—and with the many district courts within the Fourth Circuit—that Luna and petitioners in similar factual circumstances cannot satisfy the second *Jones* requirement because "the conduct of which the prisoner was convicted" remains criminal, even after *Rehaif*. *See, e.g.*, *Asar v. Travis*, Civil Action No. 6:20-294-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion); *see also Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022) (noting that defendant had been convicted of multiple felony offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL 3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted

remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[4]  *But see Moore v. Warden of FCI Edgefield*, 557 F. Supp. 3d 704, 711–14 (D.S.C. 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Luna does not even allege that he did not know he was a felon at the time of the offense, let alone provide any evidence to support such an assertion.  Furthermore, there is ample proof in the record to support the knowledge-of-status element.  On this issue, and although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer* is instructive.

*Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020).  In the Eleventh Circuit case, the defendant had gone to trial.  Like Luna, Greer did not request or receive a jury instruction requiring that the jury find that he knew he was a felon when he possessed a firearm.  The Court reasoned that the error was subject to plain error review.  Thus, to succeed on direct appeal, Greer had to show that, if the district court had correctly instructed the jury on the *mens rea* element, there is a "reasonable probability" that he would have been acquitted.  *Id.* at 2097.

As the *Greer* Court acknowledged, a defendant faces "an uphill climb" to make that

---

[4] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions.  *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's denial of § 2241 petition raising a *Rehaif* claim for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same).  The Fourth Circuit has not spoken in a published decision on the issue.

showing, reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). In concluding that Greer could not meet his burden to show that, absent the errors, the jury's verdict would have been different, the Court explained that not only was Greer, in fact, a felon, but the following facts were true: (1) Greer had been convicted of "multiple felonies," which was "substantial evidence" that he knew he was a felon; (2) Greer had never "disputed the fact of [his] prior conviction"; and (3) Greer had not made a representation that he would have presented evidence at trial that he did not in fact know he was a felon at the time of the offense. *Id.* at 2097–98.

All three of those additional facts hold true for Luna, as well. Like Greer, Luna does not dispute that he is a felon, which makes it difficult to demonstrate prejudice "for one simple reason: Convicted felons typically know they're convicted felons." *Id.* at 2098 (citation omitted). Also, Luna has never disputed the fact of his prior convictions, and there were a number of prior felonies. Luna also has not represented that he would have presented evidence that he was unaware of his status as a felon. Additionally, and unlike some defendants who are convicted of a felony, but are not sentenced to more than a year, Luna received sentences of more than one year on multiple occasions before this offense, and he actually *served* more than a year on at least one occasion prior to the offense in this case. (*See* PSR ¶ 67.) *Cf. United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation).

Based on the foregoing, the court concludes that Luna cannot demonstrate that the

conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.[5]

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Luna's petition. Accordingly, the court will dismiss the case without prejudice.

Entered: May 24, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] Even if the court were to reach the merits of Luna's claim, it would still deny his petition, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and First Circuits both have held that a federal habeas court reviewing an alleged trial error brought as part of a § 2255 or § 2241 petition cannot award relief to petitioner absent a showing that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *United States v. Smith,* 723 F.3d 510, 517 (4th Cir. 2013); *see also Sustache-Rivera v. United States*, 221 F.3d 8, 17–18 (1st Cir. 2000) (explaining that a federal habeas court reviews trial errors using the harmless error test in *Brecht*, which is determined "under the 'substantial and injurious effect' standard") (citation omitted).

As the court's analysis in this opinion makes plain, *see generally infra*, Luna does not offer any evidence to support any claim that he did not know he was a felon at the time of the offense, and the record contains evidence from which a jury easily could have found that he knew he was a felon. Even if the jury had been properly instructed, then, there is not a reasonable likelihood of a different result, let alone a "substantial and injurious" effect on his conviction. So even if the court had jurisdiction over his § 2241 petition, Luna would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2097 (explaining that to show that a *Rehaif* error affected the "substantial rights" of a defendant who went to trial, the defendant must show that "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"); *Neder v. United States*, 527 U.S. 1, 17 (1999) (denying habeas relief where intervening law meant that a jury charge omitted a required element of the offense, where "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error [because] the erroneous instruction is properly found to be harmless").

10